4/16/2019 4:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32840534
By: C Ougrah
Filed: 4/16/2019 4:29 PM

# 2019-27035 / Court: 127

## CAUSE NO. _____

| | | |
|---|---|---|
| **ABDUL MOIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WALGREENS SPECIALTY** | § | |
| **PHARMACY, LLC and JOHN DOE** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Abdul Moiz complains of Defendants John Doe and Walgreens Specialty Pharmacy, LLC (hereinafter, "Defendants"), and would respectfully show the Court that:

### Discovery Control Plan

1.    Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.    The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.    Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

**Parties**

4.     Plaintiff Abdul Moiz is an individual residing in Harris County, Texas.

5.     Defendant, Walgreens Specialty Pharmacy, LLC (hereinafter "Defendant Walgreens"), is a business incorporated in Delaware operating for profit in Harris County, Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company DBA CSC – Lawyers INCO, at 211 E. 7th St., Ste. 620, Austin, Texas 78701.

6.     Defendant John Doe is an individual with unknown whereabouts.  Defendant Walgreens Specialty Pharmacy, LLC has information necessary to locate Defendant John Doe.

**Facts**

7.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about June 22, 2018.  At that time, Plaintiff was an invitee at Defendant Walgreens' store located 8301 Broadway St., Houston, Texas 77061.  Plaintiff was walking in the parking lot of Defendant Walgreen's store, when Defendant John Doe, who is an agent of Defendant Walgreens, struck, threw and held Plaintiff to the ground.  Subsequently, Plaintiff suffered serious and permanent injuries.

**Causes of Action**

8.     Defendant John Doe's aforementioned conduct created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to Plaintiff's person.

9.     Plaintiff pleads in the alternative that Defendant John Doe was negligent in assaulting Plaintiff.

10.     Defendant John Doe was acting in the course and scope of his employment with Defendant Walgreens.  Consequently, Defendant Walgreens is responsible for the acts and/or omissions of Defendant John Doe under the doctrine of *respondeat superior*.  Plaintiff further pleads that

2

Defendant Walgreens was negligent and/or negligent *per se* for one or more of the following reasons:

### A.   *Negligent Hiring*

1.   Plaintiff repeats and realleges each allegation contained above.

2.   Plaintiff sustained injuries as a result of Defendant Walgreens' negligent hiring because of Defendant Walgreens':

    a.  Failure to conduct a reasonable and adequate interview of Defendant John Doe as a potential employee;

    b.  Failure to conduct a proper employment and background check;

    c.  Failure to sufficiently investigate Defendant John Doe's training, prior employment, criminal record and past; and

    d.  Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### B.   *Negligent Training*

1.   Plaintiff repeats and realleges each allegation contained above.

2.   Plaintiff sustained injuries as a result of Defendant Walgreens' negligent training due to Defendant Walgreens':

    a.  Failure to explain and demonstrate proper policies and procedures to Defendant John Doe;

    b.  Failure to provide the necessary training to Defendant John Doe regarding workplace behavior; and

    b.  Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### C.   *Negligent Supervision, Retention, and Monitoring*

1.   Plaintiff repeats and realleges each allegation contained above.

2.   Plaintiff sustained injuries as a result of Defendant Pipeline Solutions'

negligent supervision, retention and monitoring because of Defendant Pipeline Solutions':

    a.  Failure to monitor Defendant John Doe to make sure that he was complying with policies and procedures;

    b.  Failure to interview and test Defendant John Doe to make sure he had read, was familiar with, understood and followed the company policies and procedures;

    c.  Failure to implement proper policies and procedures for its employees, including Defendant John Doe, regarding dangerous situations and safety; and

    d.  Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

11.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12.    Defendants were also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

13.    As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

14.    By virtue of the actions and conduct of Defendants as set forth above, Plaintiff is seriously injured and is entitled to recover the following damages:

    a.  Past and future medical expenses;

    b.  Past and future pain, suffering and mental anguish;

    c.  Past and future physical impairment;

    d.  Past and future physical disfigurement; and

    e.  Past lost wages and future loss of earning capacity.

15.    By reason of the above, Plaintiff is entitled to recover damages from Defendants in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Request for Disclosures

16.    Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendants disclose, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

17.    Plaintiff refers you to the attached Requests for Admissions, Interrogatories and Request for Production, and notifies you that a response is required within 50 days of service of these requests.

### Rule 193.7 Notice

18.    Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Matthew Menter*
Matthew Menter
Texas State Bar No. 24106300
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

4/16/2019 4:29:02 PM ·
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32840534
By: Ougrah, Chancesas
Filed: 4/16/2019 4:29:02 PM

## 2019-27035 / Court: 127

CAUSE NO. _____

| | | |
|---|---|---|
| **ABDUL MOIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WALGREENS SPECIALTY** | § | |
| **PHARMACY, LLC** and **JOHN DOE** | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT
### WALGREENS SPECIALTY PHARMACY, LLC

TO:     *Defendant, Walgreens Specialty Pharmacy, LLC, by and through its registered agent, Corporation Service Company DBA CSC – Lawyers INCO, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.*

Plaintiff Abdul Moiz requests that Defendant Walgreens Specialty Pharmacy, LLC answer the following discovery. This request is made pursuant to the Texas Rules of Civil Procedure. You must reply within fifty (50) days after your receipt of this request at the office of the undersigned attorney. Defendant must produce all documents which are in the possession, custody or control of Defendant. Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests. The documents and things requested are attached hereto.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendant in trial of this cause and therefore requests that Defendant assert any objection to the authenticity of any document Defendant produces within ten days of its production.

1

## DEFINITIONS AND INSTRUCTIONS

1.      Under the Texas Rules of Civil Procedure, Defendant must amend a prior answer to an interrogatory if it obtains information upon the basis of which:

    (a)      It knows that the answer was incorrect when made; or

    (b)      It knows that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2.      The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

3.      You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy from any person or public or private entity having physical possession thereof.

4.      All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

5.    Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

6.    This Document Request requires you to amend or supplement your production of documents.

7.    In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

8.    Plaintiff requests that you provide the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

9.    If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

10.    "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendants named in this lawsuit and/or any agent or representative of Defendants named in this lawsuit during all times relevant to this action.

11.    The term "and/or," "or," and "and" are used inclusively, not exclusively.

12.    The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

13.    The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

14.    The terms "evidencing" as used – herein shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

15.    The term "Damages" shall mean all claims for relief alleged by Plaintiff in the latest Complaint.

16.    The term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

17.    All documents responsive to this request shall be produced in their original form. Documents originally in hard copy form shall be produced in that form.  Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you.  In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendants shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

18.    The singular includes the plural number, and vice versa.  The masculine includes the feminine and neuter gender.  The past tense includes the present tense where the clear meaning is not distorted by change of tense.

19.    "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

20.    If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.

## FIRST SET OF INTERROGATORIES TO DEFENDANT
## WALGREENS SPECIALTY PHARMACY, LLC

1.    Please identify each person you expect to call as a witness in the trial of this matter. Include address, telephone number, employer, date of birth and Texas Driver's license for each person identified.

ANSWER:

2.    If you contend that the Plaintiff's injuries and damages were caused in part or in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff which supports such allegation and give the factual bases for the contention.

ANSWER:

3.    Do you intend to use evidence of a conviction of any party or witness in this case? If so, Plaintiffs demand written notice pursuant to Texas Rule of Evidence 609.

ANSWER:

4.    Please describe in as much detail as possible how the incident made the basis of this suit occurred and the identity of all persons involved and describe their actions.

ANSWER:

5.    Please identify any and all individuals who were employed by Walgreens Specialty Pharmacy, LLC or any independent contractors of same who were assigned to work the shift during which the incident occurred, describe their job duties, and state whether they were working that shift or not.

ANSWER:

6.    If you contend that any person other than yourself or Plaintiff caused and/or contributed to the incident in question, please identify that person and state the facts upon which you rely in contending same and identify the evidence on which you base the contention.

ANSWER:

7.    Do you claim any defect of parties including, but not limited to, such matters as set forth in Rule 93 of the Texas Rules of Civil Procedure?

ANSWER:

9.   Describe in detail what actions, if any, were taken on the part of employees of Walgreens Specialty Pharmacy, LLC or any other individuals to prevent and/or intervene in the incident, as well as any opportunity any employees of Walgreens Specialty Pharmacy, LLC might have had to prevent and/or intervene in the incident.

ANSWER:

10.   Describe in detail what training and/or supervision you provide to employees, independent contractors and/or agents regarding security and/or safety, whether any and all employees, independent contractors and/or agents on duty at or near the time of the incident had received such training, whether the employees, independent contractors and/or agents on duty at or near the time of the incident were being supervised and if so by whom, as well as whether the actions of any employees, independent contractors and/or agents were in compliance with the applicable training and/or supervision at or near the time of the incident.

ANSWER:

11.   If you are going to contend that Defendant John Doe was not acting in the scope of his employment and/or agency for Walgreens Specialty Pharmacy, LLC, please state the basis for your contention.

ANSWER:

12.   Please list or describe any physical altercations which any employee of Walgreens Specialty Pharmacy, LLC committed while in the course and scope of their employment in the previous five (5) years and the outcome of same including any criminal charges and/or convictions, any decision to terminate an employee, agent and/or independent contractor of the basis of such incidents, as well as any disciplinary or corrective actions you have taken as a result of those incidents.

ANSWER:

14.   Please describe in detail any policies and/or procedures that are in place for monitoring and supervising employees and the handling of their complaints or concerns.

ANSWER:

15.   Please provide the name, address and telephone number of the person involved in the altercation with Plaintiff at the time of the subject incident.

ANSWER:

## REQUESTS FOR PRODUCTION TO DEFENDANT
## WALGREENS SPECIALTY PHARMACY, LLC

1.     Please produce a true and correct copy of any and all documents of incorporation.

RESPONSE:

2.     All documents relating or referring to any physical altercations that have been committed by Walgreens Specialty Pharmacy, LLC's employees.

RESPONSE:

3.     All photographs relevant to this suit.

RESPONSE:

4.     All videotapes relevant to this suit.  This request includes all surveillance videotapes.

RESPONSE:

6.     Please attach a copy of any and all photographs, charts, or diagrams of the scene of the incident made the basis of this suit or of the individuals involved.

RESPONSE:

7.     A copy of any personnel and/or human resources file applicable to Defendant John Doe.

RESPONSE:

8.     A copy of the curriculum vitae of any consulting expert Defendant intends to utilize whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case.

RESPONSE:

9.     Any and all treatises, periodicals, and pamphlets that you may offer or use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

RESPONSE:

10.    All documents and tangible things prepared by an expert used for consultation which were prepared in anticipation of this litigation or which forms a basis in whole or in part of the opinions of an expert who will be called as a witness at trial.

RESPONSE:

7

11.    All documents which you will introduce at trial.

RESPONSE:

12.    All public records, reports, statements or data computations which will be introduced by you pursuant to Rule 803(8) of the Texas Rules of Evidence.

RESPONSE:

13.    All documents, memoranda, statements and other extrinsic evidence which you intend to introduce at trial as self-authenticating under Rule 902 of the Texas Rules of Evidence:

RESPONSE:

14.    Please provide true and correct copies of any and all indemnification, contribution, or settlement agreements or releases entered into by answering Defendant with any persons or entities, arising out of the facts which form the basis of this lawsuit.

RESPONSE:

15.    Please produce a true and correct copy of any and all insurance policies applicable to Defendant, any owner, partner or stakeholder in Walgreens Specialty Pharmacy, LLC, as well as any other business entities under common ownership.

RESPONSE:

16.    Please produce all medical records concerning any treatment received by any individual as a result of any injury sustained as a result of the incident made the basis of this lawsuit.

RESPONSE:

17.    Please produce true and correct copies of any and all pamphlets, written instructions, company policy documentation and/or training manuals which you provide to your employees, agents and/or independent contractors for the purposes of safety.

RESPONSE:

18.    Please produce a true and correct copy of any formal warnings or disciplinary actions you have taken with regards to Defendant John Doe.

RESPONSE:

19.    Please identify all employees who were present at or near the time of the incident.

RESPONSE:

8

20.    Please produce a true and correct copy of any written policies or guidelines that govern the hiring and retention process utilized by Walgreens Specialty Pharmacy, LLC.

RESPONSE:

21.    Please produce a true and correct copy of any indemnity agreement in place between Walgreens Specialty Pharmacy, LLC and any other party to this lawsuit.

RESPONSE:

22.    Please produce a true and correct copy of any indemnity agreement in place between Defendant and any other entity which is not a party to this lawsuit that is relevant to the incident or injury complained of in this lawsuit.

RESPONSE:

23.    Produce a true and correct copy of any written reports in your possession that concern this incident. You may exclude any documents protected by the attorney-client and/or the attorney work product privileges.

RESPONSE:

24.    Produce a true and correct copy of any time sheets, time cards and/or other timekeeping information for any and all employees, agents and/or independent contractors who were acting in the course and scope of their employment at or near the time of the incident made the basis of this lawsuit.

RESPONSE:

25.    Produce a true and correct copy of all emails regarding Defendant John Doe's aggressive behavior.

RESPONSE:

26.    Produce a true and correct copy of any and all safety manuals covering employee interactions with others.

RESPONSE:

27.    All documents related to any investigation conducted by you related to Plaintiff's injury, which occurred on or about June 22, 2018.

RESPONSE:

9

28.     A copy of any and all injury reports prepared in relation to Plaintiff's incident.

RESPONSE:

29.     All witness statements taken in conjunction with Plaintiff's incident on June 22, 2018.

RESPONSE:

30.     All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's latest Petition.

RESPONSE:

31.     All statements, whether written, recorded, transcribed, published or otherwise, and all notes of any such statements, relating to the claims asserted by Plaintiff in his latest Petition.

RESPONSE:

32.     All correspondence between you and any other person concerning the claims asserted by Plaintiff in his latest Petition.

RESPONSE:

33.     Copies of Plaintiff's employment records obtained by Defendant in this litigation.

RESPONSE:

34.     A list of all the persons that supervised, managed, and/or oversaw employees on or about June 22, 2018.

RESPONSE:

35.     Copy of any complaint, whether written or oral, you had received prior to the incident concerning Defendant John Doe.

RESPONSE:

36.     Copies of any warnings/ reprimands of the individual involved in the altercation on September 28, 2018 for a period five (5) years before the incident in question through present.

RESPONSE:

## REQUESTS FOR ADMISSION TO DEFENDANT
## WALGREENS SPECIALTY PHARMACY, LLC

1.      Admit that on or about June 22, 2018 Plaintiff was injured.

RESPONSE:

2.      Admit that Defendant John Doe was hostile or aggressive towards Plaintiff prior to the
incident.

RESPONSE:

3.      Admit that Defendant John Doe had been aggressive or hostile towards another person while
in the course and scope of his employment.

RESPONSE:

4.      Admit that one or more persons witnessed the incident that injured Plaintiff on or about June
22, 2018.

RESPONSE:

5.      Admit that no one spoke with Defendant John Doe about his aggressive behavior towards
Plaintiff prior to the incident.

RESPONSE:

6.      Admit that someone working at Walgreens Specialty Pharmacy, LLC was aware of
Defendant John Doe's aggressive behavior before the incident.

RESPONSE:

7.      Admit that if Defendant John Doe had been properly warned about his behavior towards
Plaintiff, he would not have injured Plaintiff.

RESPONSE:

8.      Admit you should have known that Defendant John doe could become violent towards
Plaintiff prior to the incident.

RESPONSE:

9.      Admit you were negligent in causing Plaintiff's injuries.

RESPONSE:

11

10.    Admit venue is proper.

RESPONSE:

11.    Admit this is a convenient forum.

RESPONSE:

12.    Admit you are a business organized according to the laws of the State of Texas.

RESPONSE:

13.    Admit the Court has jurisdiction over you.

RESPONSE:

14.    Admit that Plaintiff suffered bodily injuries proximately caused by your negligence.

RESPONSE:

15.    Admit that you are properly named in Plaintiff's most recent Petition.

RESPONSE:

16.    Admit that Plaintiff had no way of knowing that Defendant John Doe would become physically violent with Plaintiff prior to the incident.

RESPONSE:

## REQUEST FOR DISCLOSURE TO DEFENDANT
## WALGREENS SPECIALTY PHARMACY, LLC

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, requests that Defendant answer the following requests for disclosure separately and fully in writing.  The answers to the requests shall be preceded by the request to which the answer pertains.  The answers shall be returned to Plaintiff's attorney, John Daspit, 440 Louisiana St. Ste. 1400, Houston, Texas 77002. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items.  Specifically, please disclose:

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual basis of your claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     For any testifying expert

(1)     The expert's name, address, and telephone number;

(2)     The subject matter on which the expert will testify;

(3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

(4)     If the expert is retained by you, employed by you, or otherwise subject to your control:

13

       (A)     All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

       (B)     The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Matthew Menter*
Matthew Menter
Texas State Bar No. 24106300
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

14

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been

served on Defendant along with Plaintiff's Original Petition.

/s/ Matthew Menter
**Matthew Menter**

15

4/16/2019 4:29:02 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32840534
By: Ougrah, Chancesas
Filed: 4/16/2019 4:29:02 PM

## 2019-27035 / Court: 127

### CAUSE NO. _____

| | | |
|---|---|---|
| ABDUL MOIZ | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WALGREENS SPECIALTY | § | |
| PHARMACY, LLC and JOHN DOE | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT JOHN DOE

TO:   *Defendant John Doe, Harris County or wherever he can be found.*

Plaintiff requests that Defendant John Doe answer the following discovery.  This request is made pursuant to the Texas Rules of Civil Procedure.  Defendant must produce all documents which are in the possession, custody or control of Defendant.  Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests.  The documents and things requested are attached hereto.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendants in trial of this cause and therefore requests that Defendant assert any objection to the authenticity of any document Defendant produces within ten days of its production.

## DEFINITIONS

     1.    "You" or "your" or "Defendant" means the party to which these interrogatories are propounded, and includes, but is not limited to, any agents, employees, representatives or attorneys for said party.

     2.    "Identify" or "identity" when referring (a) to a person, means to state a present or last known address, telephone number, title or position and place of employment; (b) to document, means if a legible copy of the document is not provided with your answer, a complete description of the document referred to, including its title, if it has any, the date it was prepared, the name of the person who prepared it, and the identity of the person or persons who have custody of, control over or access to it; (c) to any other matter, means to give a reasonable, detailed description thereof, including, if applicable, for a tangible matter: when, where and how it was made, and to identify who has made it or who has present or last known possession, control or custody thereof; (d) if referring to other lawsuits or other actions of any type in any court, means separately for each such action, the identity of all parties, the court and cause number, the date on which such action was initiated, the identity of the opposing attorneys, the outcome of the case, including the description of any judgment or any other relief granted in each such action, and if a civil action, the nature of the cause of action.

     3.    "Documents" include, but are not limited to, any note, memorandum, correspondence, contract or agreement, pamphlet or manual, computer printout, computer tape, tape recording, photograph, photographic negative or transparency, movie film, model, videotape recording, and every writing or other graphic material of any kind whatsoever.

     4.    "Altercation," "incident," or "occurrence" means the incidents and events described in Plaintiff's Original Petition.

     5.    "Plaintiff" means Abdul Moiz.

     6.    "Defendant" means John Doe.

     7.    "Strike," "striking" or "struck" means to deal a blow or hit to a person or thing, such as with a fist or other tangible object, and/or to set a force in motion that ultimately produced a physical impact.

### REQUEST FOR INTERROGATORIES TO DEFENDANT JOHN DOE

1.  Please identify each person you expect to call as a witness in the trial of this matter. Include address, telephone number, employer, date of birth and Texas Driver's license for each person identified.

ANSWER:

2.  If you contend that the Plaintiff's injuries and damages were caused in part or in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff which supports such allegation and give the factual bases for the contention.

ANSWER:

3.  If you have ever been convicted of a felony or misdemeanor involving moral turpitude, please identify the nature of the conviction, the date of the conviction, and disposition of the punishment.

ANSWER:

4.  If Defendant has ever had any conversation with the Plaintiff or overheard any words spoken by the Plaintiff, please state what such statements or words were, including their exact content (or as close to exact content as possible) to whom they were made, and identify the persons present when such remarks were made. This interrogatory includes statements made by both Plaintiff and Defendant during such conversations.

ANSWER:

5.  Do you intend to use evidence of a conviction of any party or witness in this case? If so, Plaintiff demands written notice pursuant to Texas Rule of Evidence 609.

ANSWER:

6.  Please identify each and every medication, drug, alcohol or potentially physically impairing substance of whatsoever nature, whether prescribed, over-the-counter or otherwise obtained, you had ingested/injected in the 48 hour period of time immediately preceding the subject incident and the amount.

ANSWER:

7.   Please describe in as much detail as possible how the incident made the basis of this suit occurred and the identity of all persons involved and describe their actions. Please state if your memory is in any way unclear and/or incomplete and if so, please describe the basis for same.

ANSWER:

8.   If you contend that your actions were not intentional, please state the basis for your contention and provide the facts that support your contention.

ANSWER:

9.   If you contend that any person other than yourself or Plaintiff caused and/or contributed to the incident in question, please identify that person and state the facts upon which you rely in contending same and identify the evidence on which you base the contention.

ANSWER:

10.   Do you claim any defect of parties including but not limited to such matters as set forth in Rule 93 of the Texas Rules of Civil Procedure.

ANSWER:

11.   Describe in detail what injuries, if any, you received as a result of this incident along with any medical treatment you received for such injuries.

ANSWER:

12.   Describe in detail what actions, if any, were taken on the part of employees of Walgreens Specialty Pharmacy, LLC or any other individuals to prevent and/or intervene in the incident, as well as any opportunity any employees of Walgreens Specialty Pharmacy, LLC might have had to prevent and/or intervene in the incident.

ANSWER:

13.   If you contend that your actions were not negligent, please state the basis for your contention and provide the facts that support your contention.

ANSWER:

4

14.    Identify the number of physical altercations that you have been involved in during the previous ten (10) years and state for each incident whether you were apprehended by law enforcement as well as any charges or lawsuits against you.

ANSWER:

15.    Please describe in detail any martial arts training and/or self-defense training you may have, and any distinction obtained, as well as any military service including dates of service.

ANSWER:

16.    Please describe the highest level of education you have received including any degree(s) obtained, the date of issuance of same, as well as a true, correct, and complete list of the educational institutions you have attended along with the dates of your attendance.

ANSWER:

## REQUEST FOR PRODUCTION TO DEFENDANT JOHN DOE

1.    Please produce a photocopy of both sides of your driver's license(s).

RESPONSE:

2.    All documents relating or referring to other physical altercations you have been involved in.

RESPONSE:

3.    All photographs relevant to this suit.

RESPONSE:

4.    All videotapes relevant to this suit.  This request includes all surveillance videotapes.

RESPONSE:

5.    All visual images relevant to this suit.

RESPONSE:

6.    Please attach a copy of any and all photographs, charts, or diagrams of the scene of the incident made the basis of this suit or of the individuals involved.

RESPONSE:

7.    A copy or list of any indictments, police reports or convictions, which relate to you for the preceding ten (10) years.

RESPONSE:

8.    A copy of the curriculum vitae of any consulting expert Defendant intends to utilize whose report or work product will be relied upon in whole or in part or reviewed by a testifying expert witness in this case.

RESPONSE:

9.    Any and all treatises, periodicals, and pamphlets that you may offer or use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

RESPONSE:

6

10.   All documents and tangible things prepared by an expert used for consultation which were prepared in anticipation of this litigation or which forms a basis in whole or in part of the opinions of an expert who will be called as a witness at trial.

RESPONSE:

11.   All documents which you will introduce at trial.

RESPONSE:

12.   All public records, reports, statements or data computations which will be introduced by you pursuant to Rule 803 (8) of the Texas Rules of Evidence.

RESPONSE:

13.   All documents, memoranda, statements and other extrinsic evidence which you intend to introduce at trial as self-authenticating under Rule 902 of the Texas Rules of Evidence:

RESPONSE:

14.   Please provide true and correct copies of any and all indemnification, contribution, or settlement agreements or releases entered into by answering Defendant with any persons or entities, arising out of the facts which form the basis of this lawsuit.

RESPONSE:

15.   Please produce a true and correct copy of any and all medical records, medical reports and/or medical bills in you and/or your attorney's possession which describes, relates to and/or pertains to medical treatment received by the Plaintiff at any time prior to, during, or subsequent to the incident made the basis of this lawsuit.

RESPONSE:

16.   If you were injured in this incident, please produce all medical records concerning any treatment received by you as a result of said injuries.

RESPONSE:

17.   Please produce true and correct copies of any and all prescriptions for any medications you were taking at or near the time of the collision made the basis of this lawsuit.

RESPONSE:

7

18.    Please produce true and correct copies of any and all pamphlets, books, memos, notes, letters or other documents in your possession which describe the side effects of any medication which you were taking at or near the time of the collision made the basis of this lawsuit.

RESPONSE:

19.    Please produce true and correct copies of any and all written warnings given to you by a doctor, nurse, medical provider, psychiatrist, psychologist or any of the above persons' agents or servants that pertain to a medication that you were taking on or about the date of the incident made the basis of this lawsuit.

RESPONSE:

20.    Please produce a true and correct copy of any indictment, subpoena and/or formal charging instrument you received as a result of the incident made the basis of this lawsuit.

RESPONSE:

21.    Please produce a copy of any Order, Judgment or other document reflecting the disposition, plea and/or ruling on any charge you received arising from the incident made the basis of this lawsuit and/or your actions in said incident.

RESPONSE:

22.    Please produce true and correct copies of the results of any and all drug or alcohol tests taken any time after the incident in question.

RESPONSE:

23.    Please produce true and correct copies of any homeowner's insurance policies and/or insurance policy contracts you may have.

RESPONSE:

24.    Please produce a list of names of any employees of Walgreens Specialty Pharmacy, LLC who were working on or about the date of the incident made the basis of this suit.

RESPONSE:

25.    Please produce a true and correct copy of any bail and/or bond agreement you entered into as a result of this incident as well as any documentation accompanying same.

RESPONSE:

## REQUESTS FOR ADMISSIONS TO DEFENDANT JOHN DOE

1.      Admit that you have been properly named in the most recently filed Petition.

RESPONSE:

2.      Admit you were arrested as a result of the incident in question.

RESPONSE:

3.      Admit that you struck Plaintiff.

RESPONSE:

4.      Admit that you intentionally struck Plaintiff.

RESPONSE:

5.      Admit that you did not strike Plaintiff.

RESPONSE:

6.      Admit that you did not intentionally strike Plaintiff.

RESPONSE:

7.      Admit that venue is proper.

RESPONSE:

8.      Admit that this is a convenient forum.

RESPONSE:

9.      Admit that, as a result of the impact when you struck Plaintiff, Plaintiff had visible injuries.

RESPONSE:

10.     Admit that at or near the time of the incident, you intended to cause bodily harm to Plaintiff.

RESPONSE:

11.     Admit that at or near the time of the incident, you did not intend to cause bodily harm to Plaintiff.

RESPONSE:

9

12.    Admit that at or near the time of the incident, you intended to make physical contact with Plaintiff's persons.

RESPONSE:

13.    Admit that at or near the time of the incident, you did not intend to make physical contact with Plaintiff's persons.

RESPONSE:

14.    Admit that at the time immediately prior to the incident, you did not reasonably fear that Plaintiff would inflict bodily harm upon you.

RESPONSE:

15.    Admit that you were not acting in the scope of any employment at or near the time of the incident.

RESPONSE:

16.    Admit that you were acting in the scope of any employment at or near the time of the incident.

RESPONSE:

17.    Admit that bodily injuries are a foreseeable result of striking a person with any degree of force.

RESPONSE:

18.    Admit that your actions were intended to cause Plaintiff to have a reasonable apprehension of imminent physical harm.

RESPONSE:

19.    Admit that your actions were not intended to cause Plaintiff to have a reasonable apprehension of imminent physical harm.

RESPONSE:

20.    Admit that you have martial arts, self-defense, and/or military training.

RESPONSE:

10

21.    Admit that at or near the time of the incident, other individuals were present at the scene.

RESPONSE:

22.    Admit that at or near the time of the incident, employees of Walgreens Specialty Pharmacy, LLC were present at the scene.

RESPONSE:

23.    Admit that within twenty four (24) hours of the incident, you had been drinking alcohol.

RESPONSE:

24.    Admit that within twenty four (24) hours of the incident, you had not been drinking alcohol.

RESPONSE:

25.    Admit that, prior to the date of the incident in question, you had been involved in at least one other physical altercation at the subject facility.

RESPONSE:

26.    Admit that, but for the fact you had been allowed on the subject premises, you would not have gotten involved in the incident made the basis of this suit.

RESPONSE:

27.    Admit that, within seventy-two (72) hours prior to the time of the incident, you had ingested a controlled substance other than alcohol.

RESPONSE:

28.    Admit that, within seventy-two (72) hours prior to the time of the incident, you had not ingested a controlled substance other than alcohol.

RESPONSE:

29.    Admit that Plaintiff did not ratify, authorize, or consent to you striking them.

RESPONSE:

30.    Admit that Plaintiff ratified, authorized, and/or consented to you striking them.

RESPONSE:

31.    Admit that physically touching an individual who has not ratified or authorized that contact is offensive and/or outrageous conduct.

RESPONSE:

32.    Admit that at or near the time of the incident, you were not engaging in an act of self-defense.

RESPONSE:

33.    Admit that at or near the time of the incident, you were engaging in an act of self-defense.

RESPONSE:

34.    Admit that at or near the time of the incident, you were not engaging in an act of defense of others.

RESPONSE:

35.    Admit that at or near the time of the incident, you were engaging in an act of defense of others.

RESPONSE:

36.    Admit that at or near the time of the incident, you were not engaging in an act of defense of your personal property.

RESPONSE:

37.    Admit that at or near the time of the incident, you were engaging in an act of defense of your personal property.

RESPONSE:

38.    Admit that at or near the time of the incident, you were not operating under the basis of any privilege of arrest towards Plaintiff.

RESPONSE:

39.    Admit that the employees and/or independent contractors working for Walgreens Specialty Pharmacy, LLC at or near the time of the incident did not intervene or take steps to prevent an incident from occurring.

RESPONSE:

40.     Admit that the employees and/or independent contractors working for Walgreens Specialty Pharmacy, LLC at or near the time of the incident intervened and/or took steps to prevent an incident from occurring.

RESPONSE:

41.     Admit that the employees and/or independent contractors working for Walgreens Specialty Pharmacy, LLC at or near the time of the incident had the opportunity to intervene or prevent an incident from occurring.

RESPONSE:

42.     Admit that the employees and/or independent contractors working for Walgreens Specialty Pharmacy, LLC at or near the time of the incident did not have the opportunity to intervene or prevent an incident from occurring.

RESPONSE:

43.     Admit that at or near the time of the incident, Walgreens Specialty Pharmacy, LLC was open for business and had not closed.

RESPONSE:

44.     Admit that at or near the time of the incident, Walgreens Specialty Pharmacy, LLC was not open for business and had closed.

RESPONSE:

45.     Admit that, after the incident occurred, you left the scene and did not attempt to render aid to Plaintiff.

RESPONSE:

46.     Admit that Plaintiff is not responsible for causing the injuries they suffered at or near the time of the incident.

RESPONSE:

47.     Admit that Plaintiff did not contribute to causing the injuries they suffered at or near the time of the incident.

RESPONSE:

48.     Admit that, at or near the time of the incident, you were negligent.

RESPONSE:

13

49.     Admit that, at or near the time of the incident, you were not negligent.

RESPONSE:

50.     Admit that, at or near the time of the incident, your negligence caused Plaintiff's injuries.

RESPONSE:

51.     Admit that, at or near the time of the incident, your negligence did not cause Plaintiff's injuries.

RESPONSE:

52.     Admit that within twenty-four (24) hours of the incident, you had taken a prescription medication.

RESPONSE:

53.     Admit that within twenty-four (24) hours of the incident, you had not taken a prescription medication.

RESPONSE:

## REQUEST FOR DISCLOSURES TO JOHN DOE

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, request that Defendant answer the following requests for disclosure separately and fully in writing.  The answers to the requests shall be preceded by the request to which the answer pertains.  The answers shall be returned to Plaintiff's attorney, John Daspit, DASPIT LAW FIRM, 440 Louisiana St. Ste. 1400, Houston, Texas 77002.  Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2.  With your response, please serve copies of all relevant documents and other tangible items.  Specifically, please disclose:

(a)    The correct names of the parties to the lawsuit;

(b)    The name, address, and telephone number of any potential parties;

(c)    The legal theories and, in general, the factual basis of your claims or defenses;

(d)    The amount and any method of calculating economic damages;

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    For any testifying expert

    (1)    The expert's name, address, and telephone number;

    (2)    The subject matter on which the expert will testify;

    (3)    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)    If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A)    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

15

(B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Matthew Menter*
Matthew Menter
Texas State Bar No. 24106300
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

16

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been served on Defendant along with Plaintiff's Original Petition.

/s/ Matthew Menter
**Matthew Menter**

17